UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF ILLINOIS

Eastern Division

| | |
|---|---|
| In Re:<br>EQUIPMENT ACQUISITION RESOURCES, INC.<br><br><br><br>Debtor(s)<br>WILLIAM A. BRANDT, JR., solely in his capacity as Plan Administrator<br><br>Plaintiff(s)<br>SUNTRUST LEASING CORPORATION,<br><br><br>Defendant(s) | BK No.:   09-39937<br><br>Chapter: 11<br>Honorable Donald R. Cassling<br><br><br>Adv. No.: 11-02201 |

**SECOND AMENDED SCHEDULING ORDER**

The following schedule is established:

A. Litigation Procedures and Deadlines

1. The Parties shall complete all non-expert discovery by May 15, 2015.
2. On or before May 15, 2015, Plaintiff shall make a preliminary disclosure of his expert witness by providing the identities of any expert witnesses and a general description of the subject matter of their testimony.
3. Plaintiff shall file and serve on all other parties his designation of any expert witness he may call at trial, produce any written report prepared by such expert(s) and make all other disclosures required by Federal Rules of Civil Procedure 26(a)(2)(B), (C), and (E) by May 29, 2015.  To the extent not previously produced, all documents containing the facts or data considered by the expert in forming his or her opinion shall be produced to the opposing party along with the required expert disclosures.
4. Defendant(s) shall file and serve on all other parties their designations of any expert witnesses it may individually or collectively call at trial, produce any written report prepared by such expert(s) and make all other disclosures required by Federal Rules of Civil Procedure 26(a)(2)(B), (C), and (E) by July 17, 2015.  To the extent not previously produced, all documents containing the facts or data considered by the expert in forming his or her opinion shall be produced to the opposing party along with the required expert disclosures.
5. All designations of rebuttal experts, and any related disclosures required by Federal Rules of Civil Procedure 26(a)(2)(B), (C), and (E), shall be made by August 13, 2015.  To the extent not previously produced, all documents containing the facts or data considered by the expert in forming his or her opinion shall be produced the opposing party along with the required expert disclosures.
6. The Parties shall have until September 25, 2015 to complete discovery of any expert(s) so identified, subject to the availability of such expert(s) during the relevant time period.
7. Any motion to withdraw the reference or dispositive motion shall be filed by October 30, 2015.
8. This matter shall be set for a pretrial status hearing on the first Omnibus Hearing Date (defined below) that is at least fourteen (14) days following October 30, 2105, or as may be extended by order of

the Court.

   B. Omnibus Dates and Motion Dates

9. To avoid unnecessary costs and expenses associated with numerous hearing dates, status hearings and motions for all of the DM Proceedings shall be heard on omnibus hearing dates ("Omnibus Hearing Dates").  The Omnibus Hearing Dates will allow Plaintiff to provide the Court with updates regarding the status of the DM Proceedings and to conduct necessary litigation and administration of the estate.  The Court shall schedule Omnibus Hearing Dates as required.  Notwithstanding the proposed procedures set forth above, the Parties may request an emergency hearing pursuant to the Local Bankruptcy Rules.

10. Motions, applications or other filings related to a DM Proceeding should be noticed for an Omnibus Hearing Date or as otherwise provided by subsequent Court order.  Should a party reasonably believe that a motion should be presented on a date prior to the next scheduled Omnibus Hearing Date, that party shall schedule presentment as otherwise established by the applicable rules.  Any motion, application, or other filing currently pending and not noticed for an Omnibus Hearing Date, will be heard on such noticed date.

11. To further ease the administration of the DM Proceedings, at least three (3) business days prior to an Omnibus Hearing Date, Plaintiff will submit to the Court and serve on Defendants' counsel a proposed agenda regarding the matters expected to be heard at such Omnibus Hearing (the "Proposed Agenda").  The Proposed Agenda is for the convenience of the Court and the Defendants and is not determinative of the matters to be heard at such Omnibus Hearing or whether there will be settlement, continuance, or other disposition.

12. To the extent that a specific defendant in the DM Proceedings has no motion scheduled for hearing on the Omnibus Hearing Date, that defendant shall not be required to appear unless otherwise ordered by the Court.

   C. Notice and Extensions Procedures

13. Any notice, filing or response date requirements established by the Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, Local Bankruptcy rules or prior order of the Court and not specifically mentioned or amended herein shall remain effective and controlling.  Nothing herein shall preclude a party for good cause from requesting an extension or alteration to one or all of the Discovery Deadlines.

Enter: *Donald R. Cassling*

Honorable Donald R. Cassling

Dated:  February 03, 2015      United States Bankruptcy Judge

**Prepared by:**

J. Maxwell Beatty
Diamond McCarthy LLP
909 Fannin, Suite 1500
Houston, TX 77010
Telephone: 713-333-5100
mbeatty@diamondmccarthy.com